IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                                                                         PLAINTIFF

v.                                               Civil No. 5:21-cv-05166

MATT JENKINS, Officer ACC; BENTON COUNTY,
ARKANSAS; ARKANSAS COMMUNITY OF
CORRECTION; and the STATE OF ARKANSAS                                               DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed by Plaintiff Joshua David Wilson pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I. BACKGROUND

Plaintiff filed his Complaint on September 21, 2021. (ECF No. 1). That same day the Court ordered Plaintiff to submit a completed application to proceed *in forma pauperis* ("IFP"). (ECF No. 2). Plaintiff filed a motion to proceed IFP on October 15, 2021, and the Court granted his application that same day. (ECF No. 5). Plaintiff is currently incarcerated in the Benton County Detention Center for an alleged probation violation. (ECF No. 1, p. 3). Plaintiff has named Matt Jenkins - an officer with the Arkansas Community of Correction ("ACC"), the State of Arkansas, the ACC, and Benton County, Arkansas as Defendants in this action.

Plaintiff alleges his constitutional civil rights were violated when:

> My Probation Officer at ACC since my PLEA Agreement on 9-4-2018 has made me pay 35.00/monthly probation fees and told me 'ANYBODY CAN GET DISABILITY IF THEY WANTED', AS REASON FOR REFUSING TO WAIVE MY FEES. I have struggled tremendously with my several legal disabilities and my ability to survive on limited income. Plus pay fines and fees monthly. I feel I was discriminated against.

(ECF No. 1, p. 4). He is suing Defendants in both their personal and official capacity and is seeking a "refund of all paid fees in rears and waiver of future probation fees". *Id.* at pp. 5-6.

## II.   APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.  DISCUSSION

#### A.  Defendants Jenkins and Benton County

The Court finds Plaintiff has, for the purpose of pre-service screening, alleged cognizable claims against Defendants Jenkins and Benton County for alleged discrimination regarding their refusal to waive probation fees.  Accordingly, I recommend Plaintiff's claims proceed against these Defendants.

#### B.  **Defendants ACC and the State of Arkansas**

The claims against the ACC and the State of Arkansas are subject to dismissal because these entities are not subject to suit under § 1983.  The ACC is an agency of the State of Arkansas and as such Plaintiff's claims are the equivalent of a suit against the state.  Claims against the State of Arkansas are barred by Eleventh Amendment immunity.  *See Campbell v. Arkansas Department of Correction,* 155 F.3d 950, 962 (8th Cir.1998) (the ADC is entitled to sovereign immunity); *Morstad v. Dep't of Corr. & Rehab.,* 147 F.3d 741, 743–44 (8th Cir.1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights).  Accordingly, I recommend all claims against the ACC and the State of Arkansas be dismissed.

### IV.  CONCLUSION

For the foregoing reasons, I recommend Plaintiff's claims against the ACC and the State of Arkansas be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A(b).  Further, I recommend Plaintiff's claims against Defendants Jenkins and Benton County, Arkansas proceed, and service be ordered on those two defendants.

**IT IS SO ORDERED** this 27th day of October 2021.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE