IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON                                                                                              PLAINTIFF

v.                                            Civil No. 5:21-cv-05166

MATT JENKINS, Officer ACC; and
BENTON COUNTY, ARKANSAS                                                                               DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss filed by Defendant Benton County, Arkansas. (ECF Nos. 14, 15). Plaintiff filed a Response to the motion. (ECF No. 18). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred the motion to the undersigned for the purpose of making a Report and Recommendation.

**I.   BACKGROUND**

Plaintiff, Joshua David Wilson ("Wilson"), currently an inmate of the Benton County Detention Center ("BCDC"), filed this 42 U.S.C. § 1983 action *pro se* on September 21, 2021. (ECF No. 1). Wilson's application to proceed *in forma pauperis* was granted on October 15, 2021. (ECF No. 5).

In his Complaint, Wilson lists Matt Jenkins, described as "Probation and Parole" officer with the "ACC [in] Rogers AR" as a Defendant. (ECF No. 1, p. 1). Wilson also lists the "County of Benton" as a Defendant. *Id.* at p. 2. He is suing these Defendants in both their official and personal capacities. *Id*. Wilson also indicates he is "in jail for other reasons (e.g., alleged probation violation, etc.) explain: Also for last 3 years on going illegally charging me fees." *Id.* at p. 3.

Wilson describes his claim as follows:

1

> My probation officer at ACC since my PLEA agreement on 9-4-2018 has made me pay 35.00/monthly probation fees and told me 'anybody can GET DISABILITY IF THEY WANTED,' AS REASON FOR REFUSING TO WAIVE MY FEES. I have struggled tremendously with my several legal disabilities and my ability to survive on limited income. Plus pay fines and fees monthly. I feel I was discriminated against. *Id.* at p. 4.

Wilson asks the Court for a "refund of all paid fees in rears and waivor of future probation fees." *Id.* at p. 5.

On October 27, 2021, the undersigned entered a Report and Recommendation recommending Wilson's claims against the Arkansas Community of Correction ("ACC") and the State of Arkansas be dismissed with prejudice, but that Wilson's claims against Defendants Jenkins and Benton County, Arkansas proceed. (ECF No. 8). On November 18, 2021, the Hon. Timothy L. Brooks, U. S. District Judge, entered an Order adopting the Report and Recommendation in its entirety. (ECF No. 11).

On December 7, 2021, Defendant Benton County, Arkansas filed the instant Motion to Dismiss. (ECF No. 14). Benton County argues: (1) Benton County, Arkansas, is not mentioned as a Defendant or in the body of the Complaint; (2) Plaintiff has not identified any policy, practice, or custom of Benton County, Arkansas which he alleges caused a violation of his constitutional rights; and (3) Plaintiff has not identified any act by any Benton County employee in his Complaint. *Id.* at p. 1.

On December 27, 2021, Wilson filed a Response stating in part: "I was ordered to report to Arkansas Community Corrections by Benton County Division Court. They do not I believed this to make Benton County Directly responsible for my interaction with A.C.C." (ECF No. 18, p. 1).[1]

---

[1] Plaintiff's Response also included a request for the appointment of counsel. (ECF No. 18). The Court denied this request on December 28, 2021. (ECF No. 19).

## II. APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

## III. DISCUSSION

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability on the part of a defendant, [the plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of [his] constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (citation and internal quotation marks omitted).

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and his official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs

a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013).  To establish liability on the part of Benton County under section 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity."  *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Here, Wilson states he is suing Defendant Benton County in both its individual and official capacities, however, Wilson has not named any employee of Benton County as a Defendant to support an individual capacity claim.  In addition, Wilson has not described any policy, custom or practice of Benton County that allegedly contributed to a violation of his constitutional rights.  Therefore, Wilson has failed to state any claim against Defendant Benton County and its Motion to Dismiss should be granted.

## IV.     CONCLUSION

For the foregoing reasons, it is recommended that Defendant Benton County's Motion to Dismiss (ECF No. 14) be **GRANTED**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of January 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE