IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JOSHUA DAVID WILSON     PLAINTIFF

v.     Civil No. 5:21-cv-05166

MATT JENKINS, Officer ACC     DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Dismiss filed by Defendant Matt Jenkins. (ECF No. 30). Plaintiff has not responded and the time to do so has expired. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2011), the Honorable Timothy L. Brooks, United States District Judge, referred the motion to the undersigned for the purpose of making a Report and Recommendation.

### I. BACKGROUND

Plaintiff, Joshua David Wilson ("Wilson"), currently an inmate of the Arkansas Department of Corrections, filed this 42 U.S.C. § 1983 action *pro se* on September 21, 2021. (ECF No. 1). Wilson's application to proceed *in forma pauperis* was granted on October 15, 2021. (ECF No. 5). At the time he filed this lawsuit, Wilson was incarcerated in the Benton County Detention Center ("BCDC").

In his Complaint, Wilson described Defendant Jenkins as a "Probation and Parole" officer with the "ACC [in] Rogers AR." (ECF No. 1, p. 1). He sued Defendant Jenkins in both his official and personal capacities. *Id*. Wilson indicated that at the time of alleged incident, he was "in jail for other reasons (e.g., alleged probation violation, etc.)," and he stated: "Also for last 3 years ongoing illegally charging me fees." *Id.* at p. 3.

Wilson describes his claim as follows:

"My probation officer at ACC since my PLEA agreement on 9-4-2018 has made
me pay 35.00/monthly probation fees and told me 'anybody can GET DISABILITY

1

IF THEY WANTED,' AS REASON FOR REFUSING TO WAIVE MY FEES. I have struggled tremendously with my several legal disabilities and my ability to survive on limited income. Plus pay fines and fees monthly. I feel I was discriminated against."

*Id.* at p. 4. Wilson asks the Court for a "refund of all paid fees in rears (sic) and waivor (sic) of future probation fees." *Id.* at p. 5.

On October 27, 2021, the undersigned entered a Report and Recommendation recommending that Wilson's claims against the Arkansas Community of Correction ("ACC") and the State of Arkansas be dismissed with prejudice, but that Wilson's claims against Defendant Jenkins proceed. (ECF No. 8).[1] On November 18, 2021, Judge Brooks entered an Order adopting the Report and Recommendation in its entirety. (ECF No. 11).

On March 29, 2022, Defendant Jenkins filed the instant Motion to Dismiss arguing in part: (1) Wilson's claims against him in his official capacity are barred by sovereign immunity; (2) Wilson's claims for monetary damages against him in his individual capacity are barred by qualified immunity; (3) Wilson failed to state a claim for injunctive relief because no action alleged amounts to a constitutional violation; and (4) Wilson's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 30).

That same day, the Court ordered Plaintiff to file a response to Defendant Jenkins' motion by April 19, 2022, or the case would be dismissed, without prejudice, pursuant to Local Rule 5.5(c)(2). (ECF No. 32). Plaintiff did not respond, and the order was not returned to the Court as undeliverable. On April 27, 2022, the Court entered an order directing Wilson to show cause as

---

[1] There was also some confusion as to whether Wilson was suing Benton County. All claims against Benton County were dismissed on February 14, 2022. (ECF No. 26).

to why he failed to comply with the Court's order for him to file a response to Defendant Jenkins' motion to dismiss. (ECF No. 35).

On May 18, 2022, Plaintiff filed a Response to the show cause order stating:

> "I had no money to pay for postage is why I failed to respond and obey the Courts order. ADC does not provide postage even on legal mail. Also I've been refused opportunity to review video evidence sent to me on DVD for other cases. ADC considers it contraband a confiscated the DVD for to be disposed of. Thank you.

(ECF No. 36).[2]

## II.     APPLICABLE LAW

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

---

[2] The Court could dismiss Wilson's claims simply based on his failure to comply with the Court's order directing him to file a Response to the instant motion. Local Rule 5.5 (c)(2) states in pertinent part: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." *Id*. Instead, the Court will address the instant motion on the merits.

3

### III. DISCUSSION

#### A. Official Capacity Claims

Under § 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or claims may be stated against a defendant in both his individual and official capacities. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998). Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). "[I]t is well established that a municipality [or county] cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). To establish liability on the part of Defendant Jenkins under § 1983, Wilson "must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citation omitted).

Defendant Jenkins was an employee of the ACC, an agency of the State of Arkansas when the alleged incidents occurred. Claims against the ACC and the State of Arkansas are subject to dismissal because these entities are not subject to suit under § 1983. Claims against the State of Arkansas are barred by Eleventh Amendment immunity. *See Campbell v. Arkansas Department of Correction*, 155 F.3d 950, 962 (8th Cir. 1998) (the ADC is entitled to sovereign immunity); *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 743–44 (8th Cir. 1998) (Eleventh Amendment immunity bars § 1983 lawsuit against state agency or state official in official capacity even if state entity is the moving force behind deprivation of federal rights).

Accordingly, I recommend that all of Wilson's official capacity claims be dismissed with prejudice.[3]

### B. Individual Capacity Claims

In his Complaint, Wilson generally alleges Defendant Jenkins discriminated against him by refusing to waive his court ordered probations fees. He also states he was having a difficult time financially and Defendant Jenkins should have waived his fees. Plaintiff does not identify which federal statute or constitutional provision Defendant Jenkins allegedly violated.

In determining whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft*, 566 U.S. 678. These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. A plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.*

The Equal Protection Clause of the Fourteenth Amendment provides that no State shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV, § 1. The purpose of the Equal Protection Clause "is to secure every person within the State's jurisdiction against intentional and arbitrary discrimination." *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 611 (2008) (quoting *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Only *deliberate* discrimination is actionable under the Equal Protection Clause. *Personnel*

---

[3] The Court also notes claims against the ACC and the State of Arkansas, when they were listed as separate Defendants, were dismissed by the Court with prejudice for the same reasons set forth herein. *See Report and Recommendation*, (ECF No. 8), adopted in its entirety, November 18, 2021, (ECF No. 11).

*Adm'r. v. Feeney*, 442 U.S. 256, 273 (1979); *Washington v. Davis*, 426 U.S. 229, 239-48 (1976). "Discriminatory purpose can be proved with various kinds of direct and circumstantial evidence, but it is most often proved with evidence that similarly situated inmates were treated differently." *Lewis v. Jacks*, 486 F.3d 1025, 1028 (8th Cir. 2007). However, even when someone is not found to be similarly situated to others, he is entitled to a determination of whether the distinction is arbitrary or rationally related to a legitimate penological objective. *Bills v. Dahm*, 32 F.3d 333, 336 (8th Cir. 1994) (citing *Parham v. Hughes*, 441 U.S. 347 (1979)).

The Court finds that Wilson's conclusory allegations of discrimination by Defendant Jenkins fail to state a claim under Fed. R. Civ. P. 12(b)(6). First, Wilson entered into a Plea Agreement and signed a Probation Agreement in his criminal case in the Circuit Court of Benton County, Arkansas, Division 1, Case No. CR-20-2754.[4] The Plea Agreement specifically requires Wilson to pay a supervision fee of $35.00 per month to the Department of Community Punishment. In addition, Wilson has not set forth any facts to support his conclusion that Jenkins had some authority to waive those fees. Moreover, Wilson does not allege Defendant Jenkins intentionally treated him differently from anyone – much less others who were similarly situated. He simply claims Jenkins discriminated against him because he refused to waive fees when he asked him to.

Accordingly, I recommend that Wilson's individual capacity claims against Defendant Jenkins be dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, it is recommended that Defendant Jenkins' Motion to Dismiss (ECF No. 30) be **GRANTED**. Specifically, the undersigned recommends that Wilson's official

---

[4] These documents are publicly available on Arkansas Court Connect http://caseinfo.arcourts.gov, last accessed September 1, 2022.

capacity claims be **DISMISSED WITH PREJUDICE** and Wilson's individual capacity claims be **DISMISSED WITHOUT PREJUDICE**.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 6th day of September 2022.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE